**AFFIRMED and Opinion Filed July 8, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00074-CR**

**JASON ALLEN HARRIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-83363-2021**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Reichek

Jason Allen Harris appeals the trial court's order of deferred adjudication for the offense of possession of methamphetamine. In a single issue, he contends the trial court erred in denying his motion to suppress evidence. We affirm.

## Background

Appellant was charged with intentionally and knowingly possessing methamphetamine in an amount of one gram or more but less than four grams on or about December 9, 2020. He was arrested following a traffic stop, and he moved to suppress evidence resulting from his arrest, which he claimed was illegal.

At the motion to suppress hearing, Officer Cary Wittwer with the McKinney Police Department testified for the State. On the afternoon of December 9, 2020, Wittwer saw a vehicle parked on the street in front of a known drug house in McKinney. Wittwer parked out of sight and waited for the vehicle to leave. When it did, Wittwer followed it. Wittwer testified the driver, appellant, signaled his intention to turn right at a stop sign, but did not signal until he got to the stop sign. The transportation code requires a driver to signal a turn 100 feet before turning. TEX. TRANSP. CODE ANN. § 545.104(b) ("An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn."). On cross-examination, Wittwer testified that he was "maybe 100 yards" behind appellant when he saw the violation.

Wittwer pulled appellant over, and appellant consented to a search of his car. No drugs were found in the car. Wittwer did not testify about finding methamphetamine, but the prosecutor told the judge drugs were found on a passenger. The State believed the drugs were purchased by appellant and given to his passenger. Video from Wittwer's dash camera that shows appellant driving and the subsequent stop was admitted into evidence.

Private investigator Daryl Parker testified for appellant. He investigated whether a traffic violation occurred in this case. In doing so, he reviewed Wittwer's dash cam video. Parker took a screen shot from the video at the moment he first detected a traffic signal from appellant's car. Using landmarks like trees, he made

calculations about the distances involved. Parker first used Google Earth, then he went to the scene and measured in person. Parker estimated appellant signaled somewhere between 105 and 119 feet before he turned. But he also stated he did not believe it was possible to determine when the signal started. According to Parker, Officer Wittwer was over 200 yards away when appellant signaled and Parker did not think he could see the turn signal from that distance. On cross-examination, Parker agreed the dash cam video was a little bit grainy. He also said it was possible that eyes can see things a little bit better than dash cameras can.

The trial court took the matter under advisement and later denied the motion to suppress. Appellant pleaded guilty pursuant to a plea agreement. The trial court deferred adjudication of guilt and placed appellant on community supervision for two years. The trial court certified appellant's right to appeal matters raised by written motion filed and ruled on before trial. *See* TEX. R. APP. P. 25.2(a)(2)(A).

## Analysis

In a single issue, appellant contends the trial court's denial of his motion to suppress is contrary to the evidence. Appellant cites Parker's testimony that appellant signaled more than 100 feet in advance of the turn and asserts the State did not controvert the distances Parker testified about. Appellant argues the trial court's ruling does not involve the credibility of the witnesses and should be reviewed de novo.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Cole v. State*, 490 S.W.3d 918, 922 (Tex. Crim. App. 2016). First, we afford almost total deference to the trial judge's determination of historical facts. *Id.* The judge is the sole trier of fact and judge of witnesses' credibility and the weight to be given their testimony. *Id.* Appellate courts may review de novo "indisputable visual evidence" contained on a videotape recording admitted into evidence at a suppression hearing. *State v. Duran*, 396 S.W.3d 563, 570 (Tex. Crim. App. 2013). Unless visual evidence is indisputable, however, a deferential standard of review applies to a trial court's determination of historical facts based on a videotape. *See id.* Appellate courts view the evidence in the light most favorable to the trial court's ruling. *Id.* at 570–71. When, as here, there are no written findings explaining the factual basis for the trial judge's decision, we imply findings of fact that support the ruling as long as the evidence supports those findings. *Meekins v. State*, 340 S.W.3d 454, 460 (Tex. Crim. App. 2011).

Second, we review the trial court's application of the law to the facts de novo. *Cole*, 490 S.W.3d at 922. We will sustain the court's ruling if the record reasonably supports the ruling and is correct on any theory of law applicable to the case. *Id.*

A warrantless traffic stop is a Fourth Amendment seizure that is analogous to temporary detention; it must be justified by reasonable suspicion. *State v. Hardin*, 664 S.W.3d 867, 872 (Tex. Crim. App. 2022). If an officer has reasonable suspicion that a person committed a traffic violation, the officer may conduct a traffic stop. *Id.*

–4–

Reasonable suspicion exists if the officer has specific articulable facts that, combined with rational inferences from those facts, would lead the officer to reasonably conclude the person is, has been, or soon will be engaged in criminal activity. *Id*.

We disagree with appellant that our review in this case is purely de novo. Appellant does not argue the video evidence is indisputable. As appellant's own witness acknowledged, the dash cam video of Officer Wittwer pursuing appellant is grainy. One witness testified for each side, and, as the trial judge put it, their testimony is at "polar opposites." Wittwer testified appellant did not signal his turn until appellant reached the stop sign where he turned. Parker estimated that appellant signaled more than 100 feet in advance of the stop sign. Whether Wittwer had reasonable suspicion to make a traffic stop *was* a function of the credibility of the witnesses. We defer to the trial court's implied finding that appellant did not signal at least 100 feet before he turned, whether that finding was based on Wittwer's testimony and/or on the trial court's interpretation of the video evidence. Viewing the evidence in the light most favorable to its ruling, the trial court did not err in denying the motion to suppress. We overrule appellant's sole issue.

We affirm the trial court's order of deferred adjudication.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish.
TEX. R. APP. P. 47.2(b).
230074F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JASON ALLEN HARRIS, Appellant

No. 05-23-00074-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas Trial Court Cause No. 199-83363-2021.

Opinion delivered by Justice Reichek. Justices Carlyle and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 8th day of July, 2024.